IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ALFRED MILLER CONTRACTING COMPANY, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. |
| APACHE INDUSTRIAL SERVICES, INC., | § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Alfred Miller Contracting Company ("AMC") files this Complaint and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff AMC is a Louisiana corporation with its principal place of business in Lake Charles, Louisiana.

2. Defendant Apache Industrial Services, Inc. ("Apache") is a Delaware corporation doing business in Texas, Louisiana, and Arkansas. Apache conducts business in the Western District of Louisiana at 3426 Highway 90, Westlake, Louisiana 70669. Apache can be served through its registered agent for service of process, Capitol Corporate Services, Inc., which is located at 8550 United Plaza Building II, Suite 305, Baton Rouge, Louisiana 70809.

### II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction in this patent infringement action 28 U.S.C. §§ 1331 & 1338(a) because this is a civil action for patent infringement and arises under the patent laws of the United States.

4. Apache is subject to personal jurisdiction in this District because Apache resides in and conducts business in this District; and Apache has a regular and established place of

business in this District and has engaged in acts that constitute, contribute to or induce infringement of United States Patent No. 9,140,005 B2.

5. Venue is proper in the Western District of Louisiana under 28 U.S.C. §§ 1391(b) & (c) and § 1400(b). Not only does Apache reside in this District, it has a regular and established place of business in this District, and has engaged in acts that constitute, contribute to or induce infringement of United States Patent No. 9,140,005 B2.

### III. CAUSES OF ACTION

6. The preceding paragraphs are incorporated by reference as if fully set forth herein.

7. AMC is the assignee of all right, title, and interest in United States Patent No. 9,140,005 B2 (the "'005 Patent"), entitled "Self-Aligning Corner Bead for Fireproofing Structural Steel Member and Method of Using Same" and issued on September 22, 2015. A true and correct copy of the '005 Patent is attached hereto as Exhibit A.

8. The '005 Patent is valid and presumed valid under 35 U.S.C. § 282.

9. The '005 Patent claims self-aligning corner beads for fireproofing a structural steel member along two adjoining surfaces; methods of finishing at least two corners of a structural steel member with a fireproofing material; methods of fireproofing a structural steel member along two surfaces; and a fireproofing steel structure.

10. One of the aims of the invention claimed in the '005 Patent is to provide a self-aligning corner bead which allows one to make, in an accurate and quick manner, corners of the fireproofing material around structural steel members, said fireproofing material having uniform thickness around the structural steel. A further aim is to provide an improved technique for

application of accurate thickness of fireproofing material along two surfaces under any construction condition for making said fireproofing of structural steel members.

11. The invention claimed in the '005 Patent provides a cost-effective solution for unresolved historical challenges involved in fireproofing a structural steel member, such as the difficulty of properly adjusting the traditional corner bead to the adjacent surface, the uneven application of fireproofing material, and the lack of the a dam for the wet cement material.

12. AMC provides fireproofing services, which includes fireproofing structural steel members. Apache also provides fireproofing services, which includes fireproofing structural steel members.

13. Upon information and belief, Apache has been, and is now, either literally or under the doctrine of equivalents, infringing the '005 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering for sale the claimed subject matter of the '005 Patent.

14. Upon information and belief, Apache will continue to infringe the '005 Patent unless and until it is enjoined by this Court. As a result, AMC will suffer irreparable injury for which there is no adequate remedy at law. AMC is entitled to injunctive relief under 35 U.S.C. § 283.

15. AMC is entitled to damages under 35 U.S.C. § 284 for Apache's infringement of the '005 Patent.

## IV.     JURY TRIAL

16. Plaintiff demands a trial by jury on all issues so triable.

## V.     CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alfred Miller Contracting Company respectfully requests the following relief:

(a)     Judgment entered in favor of AMC and against Apache for infringement of the '005 Patent and awarding AMC damages adequate to compensate it for Apache's infringement of the '005 Patent;

(b)     An order permanently enjoining Apache from making, using, selling, or offering for sale the claimed subject matter of the '005 Patent;

(c)     If a permanent injunction is not granted, a judicial determination of the conditions of future infringement such as a royalty bearing compulsory license or such other relief as the Court deems appropriate;

(d)     An award of pre- and post-judgment interest and costs; and

(e)     For any and all general, equitable, and special relief to which AMC may show itself to be justly entitled.

Respectfully submitted,

/s/ Alvin D. Hunt
ALVIN D. HUNT, T.A., Bar # 24806
HUNT LAW FIRM
613 Alamo Street
Post Office Box 281
Lake Charles, Louisiana 70602-0281
(337) 310-9111 / Telephone
(337) 310-4877 / Facsimile

**ATTORNEYS FOR PLAINTIFF
ALFRED MILLER CONTRACTING COMPANY**